## Tatum v. Christman

*Herbert C. Nelson*, for plaintiff.
*Jules Pearlstine*, for defendant.

DANNEHOWER, J., May 4, 1956.—The petitioning mother, a resident of Alabama, brought this action under the Uniform Enforcement of Support Law, Act of May 10, 1951, P. L. 279, as amended August 19, 1953, P. L. 1201, 62 PS §2043-1, et seq., to compel respondent-father, a domiciliary of Montgomery County, Pa., to support his 10-year old minor son, Garrett N. Christman.

From the testimony taken at a hearing, at which respondent appeared and testified, the evidence shows that petitioner and respondent were married on January 25, 1944, in Florida. One child, a son, Garrett, was born, who is now 10 years of age. On February 14, 1951, due to unhappy differences, the parties separated and executed a property settlement providing for the son's support, ranging from $50 to $125 a month during minority depending on respondent's annual income. On May 25, 1951, the wife secured a divorce in the Sixth Judicial Circuit of the State of Florida in and for Pinellas County. By the decree, the Florida court awarded petitioner custody of the

minor son and incorporated the separation agreement into the divorce decree. Thereafter petitioner, remarried and, together with her son and new husband, is living in Alabama. Respondent has also remarried and now resides in Montgomery County, Pa.

Since respondent has failed and neglected to pay support for his minor son, according to the separation agreement and decree of the Florida Court, in November 1955, upon a petition, the Circuit Court of Mobile County, Ala., issued a certificate recommending that respondent pay the sum of $125 monthly for the son's support and $120 counsel fees.

In bar to the present proceeding, respondent contends that this court is without jurisdiction to entertain this proceeding, while a prior order remains in effect and that the petitioner must go to Florida, secure judgment for the arrears and enter it in this State against respondent.

An examination of the Uniform Enforcement of Support Law readily shows that respondent's contention is without any merit.

The Uniform Enforcement of Support Law, 62 PS §2043.2, defines " 'Duty of support' includes any duty of support imposed or imposable by law, or by *any* court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial (legal) separation, separate maintenance, or otherwise."

Also, section 25 of the act, 62 PS §2043.25, reads:

"Any order of support issued by a court of this State, when acting as a responding state, *shall not supersede any previous order of support* issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both." (Italics supplied.)

Thus it clearly appears that the Uniform Enforcement of Support Law provides for cumulative remedies of any order for support from other jurisdictions, and the amounts collected in this county shall be credited against amounts accruing in any other jurisdiction. Thus it follows that this court has jurisdiction to enforce orders for support against respondents living in this jurisdiction and an order for support from another jurisdiction is no bar here.

The evidence shows that this respondent is 34 years of age, a self-employed artist, has 40 paintings for sale and his total income for last year was $400. He, at present, is supported by his wife, who owns and operates a camp known as Frog Hollow School, and also supports three children by a former marriage. Respondent is in arrears in the Florida support order at the minimum rate of $50 monthly in the sum of approximately $500. At Christmas time he sent $120, and after the hearing $100 on account. In our judgment, he should, for the present, pay the sum of $50 monthly for the support of his minor son in Alabama, until his earnings increase.

And now, May 4, 1956, for the foregoing reasons, respondent is ordered to pay to Russell L. Richards, Chief Desertion Officer of Montgomery County, Pa., the monthly sum of $50 for the support of his minor son, Garrett N. Christman; pay the costs of this proceeding within three months from this date, and file his own bond in the sum of $1,000 for the faithful compliance with this order.